# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-546V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| MARVIN R. BARBER, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: October 6, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Reissued for Public Availability: November 5, 2025 |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Marvin R. Barber*, Decatur, GA, *pro se* Petitioner.

*Madylan L. Yarc*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION DISMISSING PETITION[1]

On April 20, 2023, Marvin Barber filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that his receipt of an influenza vaccine on November 17, 2021, resulted in a right-sided Shoulder Injury Related to Vaccine Administration. Petition (ECF No. 1) at 1. Petitioner was originally represented by counsel, but became *pro se* in April 2025.

On June 11, 2025, I issued a Scheduling Order (a copy of which was mailed) directing Petitioner to file a Motion for Ruling on the Record and any additional evidence in support of his

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

Pursuant to Vaccine Rule 18(b), this Decision was initially filed on February 28, 2023, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this Decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

claim on or before July 31, 2025. (ECF No. 48). Petitioner did not act, so I issued a second Order on August 13, 2025 (a copy of which was mailed), directing Petitioner to file his overdue motion immediately. (ECF No. 51). Again, Petitioner did not act, and a third Order (a copy of which was mailed) was issued, again directing him to file his overdue motion immediately or risk the dismissal of his case. (ECF No. 52). This date has now passed, and Petitioner has still failed to comply with my orders.

Under Vaccine Rule 21(b), a special master may dismiss a petition for failure of the petitioner to prosecute or comply with any order of the special master. In this case, Petitioner has repeated failed during the pendency of this case to respond to the deadlines set by the court orders. Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. Section 13(a)(1). In this case, there is insufficient evidence in the record for Petitioner to meet his burden of proof. Therefore, Petitioner's claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, I hereby **DISMISS** Petitioner's case. In the absence of a motion for review filed pursuant to RCFC Appendix B, and pursuant to Vaccine Rule 21(b)(2), the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED.**

Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.